■ AUTO ONE INSURANCE COMPANY, Appellant, v HILLSIDE CHIROPRACTIC, P.C., Respondent. [2 NYS3d 343]—

Order, Supreme Court, New York County (Peter H. Moulton, J.), entered July 2, 2014, which denied the petition seeking to vacate the determination of the Master Arbitrator, dated November 6, 2013, affirming the award of the lower arbitrator in this no-fault arbitration, unanimously reversed, on the law, without costs, the petition granted, the arbitration award vacated, and the matter remanded for a new arbitration hearing before a different arbitrator.

The no-fault arbitrator gave no weight to an independent

medical examination (IME) report, prepared by a chiropractor and submitted by petitioner, because it was not notarized pursuant to CPLR 2106. The Master Arbitrator, in reviewing the award, deferred to the no-fault arbitrator's determination of the weight to be given to the evidence, as did the IAS court.

We find that the no-fault arbitrator's decision to adhere, with strict conformity, to the evidentiary rule set forth in CPLR 2106, although such conformity is not required (see 11 NYCRR 65-4.5 [o] [1] ["The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and strict conformity to legal rules of evidence shall not be necessary"]), was arbitrary. Accordingly, the award must be vacated (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211 [1981]). We note that since no substantive determination regarding the weight of the IME report was ever made, the Master Arbitrator and the IAS court erred in deferring to the no-fault arbitrator's determination. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.