OPINION OF THE COURT
Per Curiam.
Order, entered November 17, 2014, affirmed, with $10 costs.
This first-party no-fault action arises from health services rendered by plaintiff provider at its New Jersey location. Plaintiff billed $10,800 for the services (associated with arthroscopic knee surgery), but defendant insurer paid only $5,996.67 on the claim, an amount in accordance with the New Jersey fee schedule. In this action, plaintiff, in effect, seeks the ($4,803.33) difference between the amount charged and payment made by defendant pursuant to the aforementioned fee schedule.
Insurance Department Regulations (11 NYCRR) § 68.6 provides that where a health service reimbursable under Insurance Law § 5102 (a) (1) “is performed outside New York State, the permissible charge for such service shall be the prevailing fee in the geographic location of the provider” (emphasis added). We agree, essentially for reasons stated by Civil Court (46 Misc 3d 736 [2014]), that where a reimbursable health care service is performed outside the State of New York in a jurisdiction that has enacted a medical fee schedule prescribing the permissible charge for the service rendered, an insurer may properly rely on such fee schedule to establish the “prevailing fee” within the meaning of 11 NYCRR 68.6, and demonstrate compliance therewith by payment in accordance with that fee schedule.
Significantly, the Superintendent of Insurance issued an opinion letter stating that the reimbursement amount under section 68.6 “is determined by the permissible cost” in the out-of-state location (Guatemala) {see Ops Gen Counsel NY Ins *87 Dept No. 03-04-03 [Apr. 2003]). The Superintendent’s interpretation is entitled to deference, since it is neither irrational nor unreasonable, nor counter to the clear wording of a statutory provision (see LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217, 223 [2009]). Indeed, the Superintendent’s reliance upon the “permissible cost” in the foreign jurisdiction is consistent with the legislative purpose underlying Insurance Law § 5108 and implementing regulations—to “significantly reduce the amount paid by insurers for medical services, and thereby help contain the no-fault premium” (Goldberg v Corcoran, 153 AD2d 113, 118 [1989], appeal dismissed 75 NY2d 945 [1990]).
Applying section 68.6 as interpreted by the Superintendent, the “prevailing fee in the geographic location of a provider” is the “permissible” reimbursement rate authorized in the foreign jurisdiction. Here, the permissible rate authorized in New Jersey for the services rendered by plaintiff is set forth in New Jersey’s no-fault statute and applicable fee schedule. Allowing plaintiff to bill at a rate significantly higher than the permissible charges in the New Jersey fee schedule would undermine the purpose of Insurance Law § 5108, and thwart the core objectives of the No-Fault Law—“to provide a tightly timed process of claim, disputation and payment” (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 319 [2007] [citation omitted]), to “reduce the burden on the courts and to provide substantial premium savings to New York motorists” (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860 [2003]).
Contrary to plaintiff’s claim, the omission of the term “fee schedule” from the regulation does not indicate that its exclusion was intended. Construed within the context of the regulation, whose scope and application broadly extends to all geographic locations outside the State of New York, the legislature’s use of the comprehensive term “prevailing fee,” rather than the less inclusive term “fee schedule,” comports with common sense and the reality that the different jurisdictions have not unanimously adopted a no-fault regime, and/or uniformly based the permissible reimbursement charge upon a medical fee schedule.
We note that since the services here were rendered after April 1, 2013, the defense of excessive fees is not subject to preclusion (see 11 NYCRR 65-3.8 [g] [eff Apr. 1, 2013]).
*88 Plaintiff’s remaining contentions are unpreserved or without merit.
Shulman, J.P., Hunter, Jr., and Ling-Cohan, JJ., concur.