■ In the Matter of Global Liberty Insurance Co., Appellant, v Professional Chiropractic Care, P.C., Respondent. [30 NYS3d 868]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 10, 2015, which denied the petition to vacate a master arbitrator's award, unanimously reversed, on the law, without costs, the petition granted, and the award vacated. The Clerk is directed to enter judgment accordingly.

The master arbitrator's award was arbitrary because it irrationally ignored the law, which petitioner insurer had presented to the master arbitrator, that the no-fault policy issued by petitioner was void ab initio due to respondent's assignor's failure to attend duly scheduled independent medical exams (*see American Tr. Ins. Co. v Lucas*, 111 AD3d 423, 424 [1st Dept 2013]). The alleged error in petitioner's denial of claim form is of "no moment" (*Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559, 560 [1st Dept 2011], *lv denied* 17 NY3d 705 [2011]), and was not a sufficient or rational basis for the award (*see Auto One Ins. Co. v Hillside Chiropractic, P.C.*, 126 AD3d 423, 424 [1st Dept 2015], citing *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211 [1981]).

Respondent waived its objections regarding improper service of the petition, since it never moved to dismiss the petition on those grounds (*see* CPLR 3211 [e]; *B.N. Realty Assoc. v Lichtenstein*, 21 AD3d 793, 796 [1st Dept 2005]; *Matter of Resnick v Town of Canaan*, 38 AD3d 949, 951 [3d Dept 2007]). Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.