■ In the Matter of GLOBAL LIBERTY INSURANCE Co., Appellant, v THERAPEUTIC PHYSICAL THERAPY, P.C., as Assignee of Bernardo Hidalgo, Respondent. [49 NYS3d 411]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered October 24, 2016, which denied the petition seeking to vacate the award of a master arbitrator, dated August 12, 2016, to the extent it affirmed a lower arbitrator's award of no-fault compensation to respondent in the unadjusted amount of $2,679.39, unanimously reversed, on the law, without costs, the petition granted to the extent of vacating that portion of the master arbitration award, and the matter remanded to a different arbitrator for arbitration of the fee schedule defense on the merits.

Respondent sought recovery for physical therapy services provided to its assignor before April 1, 2013, and petitioner insurer disclaimed parts of the claim on the ground that it had already reimbursed a different provider for "eight units" for services on some of the same dates. Respondent checked the box on the prescribed disclaimer form indicating that it was relying on a "fee schedule" defense, specifically the "eight unit rule." The lower arbitrator held that respondent was precluded from asserting its defense because the disclaimer was insufficiently specific in that the other provider was not named. Respondent appealed to the master arbitrator, arguing that it adequately preserved its defense. The master arbitrator, without addressing the issue of preservation, incorrectly found

that the lower arbitrator had "considered the fee schedule defense" and "determined that [r]espondent failed to provide evidence as to the other provider."

The master arbitrator's award was arbitrary, because it irrationally ignored the controlling law presented on the preservation issue (*Matter of Global Liberty Ins. Co. v Professional Chiropractic Care, P.C.*, 139 AD3d 645, 646 [1st Dept 2016]; *see generally Matter of Smith [Firemen's Ins. Co.]*, 55 NY2d 224, 232 [1982])—namely, that an insurer adequately preserves its fee schedule defense "by checking box 18 on the NF-10 denial of claim form to assert that plaintiff's fees [were] not in accordance with the fee schedule" (*Megacure Acupuncture, P.C. v Lancer Ins. Co.*, 41 Misc 3d 139[A], 2013 NY Slip Op 51994[U] *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [internal quotation marks omitted]; *Surgicare Surgical v National Interstate Ins. Co.*, 46 Misc 3d 736, 745-746 [Civ Ct, Bronx County 2014], *affd* 50 Misc 3d 85 [App Term, 1st Dept 2015]). Accordingly, we remand the matter to the extent indicated. Concur—Sweeny, J.P., Renwick, Mazzarelli and Manzanet-Daniels, JJ.