Matter of Global Liberty Ins. Co. v ISurply, LLC (2018 NY Slip Op 04961)





Matter of Global Liberty Ins. Co. v ISurply, LLC


2018 NY Slip Op 04961


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


7050N 27352/17E

[*1] In re Global Liberty Insurance Co., Petitioner-Appellant,
v
ISurply, LLC As Assignee of Luis Soto, Respondent-Respondent.


The Law Office of Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for appellant.
Dash Law Firm, P.C., Melville (Jan Chow of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered October 26, 2017, which denied Global Liberty Insurance Co.'s (Global) petition to vacate the master arbitrator's award, dated July 24, 2017, dismissed the proceeding and confirmed the award, unanimously affirmed, with costs.
The court properly confirmed the master arbitrator's award. The master arbitrator's affirmance of the lower arbitrator's award was not irrational (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211 [1981]; Matter of Kane v Fiduciary Ins. Co. of Am., 114 AD3d 405 [1st Dept 2014], nor did it ignore controlling law (compare generally Matter of Global Liberty Ins. Co. v Therapeutic Physical Therapy, P.C., 148 AD3d 502 [1st Dept 2017] and Matter of Global Liberty Ins. Co. v Professional Chiropractic Care, P.C., 139 AD3d 645 [1st Dept 2016]).
The controlling law here, for reimbursement of rental costs for a Continuous Passive Motion device (CPM) and a Cold Therapy Unit (CTU), is 12 NYCRR § 442.2(b), which states: "The maximum permissible monthly rental charge for such equipment, supplies and services provided on a rental basis shall not exceed the lower of the monthly rental charge to the general public or the price determined by the New York State Department of Health area office. The total accumulated monthly charges shall not exceed the fee amount allowed under the Medicaid fee schedule."
Global failed to present sufficient evidence demonstrating that the Department of Health (DOH) had determined a price for these rentals. The July 3, 2014 letter from Joanne Criscione, Senior Attorney for the Bureau of Health Insurance Programs Division of Legal Affairs for the DOH appeared to indicate that DOH had adopted "a medicaid reimbursement policy for durable medical equipment (DME) rental items that have not been assigned a Maximum Reimbursement Amount (MRA). For DME items that do not have a MRA, the rental fee is calculated at 1/6th of the equipment provider's acquisition cost." In her June 8, 2016 letter, however, she makes clear that her July 3, 2014 letter "was not a determination by the Department of Health area office establishing the reimbursement rate" and she "merely state[d] the Medicaid reimbursement as that policy is set forth in the Medical Provider Manual for DME." None of Global's other evidence establishes that DOH had adopted the "1/6th of the equipment provider's acquisition cost" rate.
It is true that the Medicaid DME fee schedule, which listed certain codes for DMEs, some of which had a MRA and some of which did not, established that for those that did not have a MRA, the monthly rate of 1/6th of the equipment provider's acquisition cost would apply. And it is also true that, pursuant to 12 NYCRR § 442.2(b), "the total accumulated monthly charges shall not exceed the fee amount allowed under the Medicaid fee schedule." However, it was not irrational for the arbitrator to conclude that this 1/6th rate applied only to items which had codes listed in the Medicaid fee schedule, which the CPM and CTU at issue here did not. Therefore, as Global neither demonstrated that DOH had adopted the 1/6th rental fee guideline, or that DOH [*2]had otherwise determined a rental fee, it was not irrational for the arbitrator to conclude that the reimbursement rate would be "the monthly rental charge to the general public" (12 NYCRR 442.2(b).
We have considered Global's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK