Matter of Miller v Elrac, LLC (2019 NY Slip Op 01544)





Matter of Miller v Elrac, LLC


2019 NY Slip Op 01544


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8606N 650107/18

[*1] In re Ilan Miller, Petitioner-Appellant,
v
Elrac, LLC, Respondent-Respondent.


The Law Office of Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for appellant.
Rankin Savidge, PLLC, Mineola (Edward J. Savidge of counsel), for respondent.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered July 30, 2018, which denied the petition to vacate the award of a master arbitrator, dated November 22, 2017, affirming the award of the lower arbitrator denying petitioner no-fault benefits, unanimously affirmed, without costs.
Here, the master arbitrator reviewed the no-fault arbitrator's determination and the parties' submissions. He agreed that the sworn independent medical examination report (IME) that the respondent provided established a factual and medical basis for a conclusion that petitioner required no further treatment because the conditions had resolved and there was no objective evidence of disability. The master arbitrator recognized that petitioner's evidence, which included a treating doctor's affidavit of a subsequent surgery, was considered but rejected by the arbitrator as a factual and credibility determination, within her discretion to make.
Where, as here, there is compulsory arbitration involving no-fault insurance, the standard of review is whether the award is supported by evidence or other basis in reason. This standard has been interpreted to mean that the relevant test is whether the evidence is sufficient, as a matter of law, to support the determination of the arbitrator, is rational and is not arbitrary and capricious (Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211 [1981]). Although compulsory arbitration awards are subject to a broader scope of review than awards resulting from consensual arbitration, the scope of judicial review of such an arbitration award is still limited to whether the award is supported by the evidence or other basis in reason as appears in the record (id. at 210).
The master arbitrator's award had evidentiary support in the record, therefore, it was not arbitrary and capricious, irrational or without a plausible basis (Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.], 49 NY2d 757 [1980]). Since the master arbitrator found that the no-fault arbitrator reached the decision in a rational manner and that the decision was not arbitrary or capricious, incorrect as a matter of law, in excess of policy limits, or in conflict with other no-fault arbitration proceedings there were no grounds for its vacatur; the motion court correctly upheld the master arbitrator's determination (see e.g. Petrofsky at 211-212). Contrary to petitioner's argument, there is no basis to conclude that the arbitrator made a mistake of law by ignoring whether petitioner's condition could have worsened after respondent's independent medical examination; she just made a factual determination that it had not (see e.g. Matter of Global Liberty Ins. Co. v
Therapeutic Physical Therapy, P.C., 148 AD3d 502, 503 [1st Dept
2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK