Matter of American Tr. Ins. Co. v Smart Choice Med., P.C. (2023 NY Slip Op 03191)

Matter of American Tr. Ins. Co. v Smart Choice Med., P.C.

2023 NY Slip Op 03191

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

Index No. 815196/22E Appeal No. 437 Case No. 2023-00840 

[*1]In the Matter of American Transit Insurance Company, Petitioner-Respondent,
v
Smart Choice Medical, P.C., etc., Respondent-Appellant.

Roman Kravchenko, Melville, for appellant.
Larkin Farrell LLC, New York (Anthony R. Troise of counsel), for respondent.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered January 27, 2023, which granted petitioner American Transit Insurance Company's (American Transit) petition to vacate the award of a master arbitrator, dated August 11, 2022, affirming a lower arbitrator's award, dated May 26, 2022, in favor of respondent Smart Choice Medical P.C. (Smart Choice) in the amount of $1,211.48, vacated the arbitration award, and denied Smart Choice's request for attorney fees, unanimously affirmed, without costs.
"Where, as here, there is compulsory arbitration involving no-fault insurance, the standard of review is whether the award is supported by evidence or other basis in reason" (Matter of Miller v Elrac, LLC, 170 AD3d 436, 436-437 [1st Dept 2019]; see also Country-Wide Ins. Co. v Zablozki, 257 AD2d 506, 507 [1st Dept 1999], lv denied 93 NY2d 809 [1999]).
"When an individual submits a personal injury claim for motor vehicle no-fault benefits, the insurance company may request that the individual submit to an IME, and if the individual fails to appear for that IME, it constitutes a breach of a condition precedent vitiating coverage" (Hereford Ins. Co. v Lida's Med. Supply, Inc., 161 AD3d 442, 442 [1st Dept 2018] [internal quotation marks omitted]). Like Hereford, American Transit established its entitlement to judgment as a matter of law by submitting the letters sent to the claimant notifying him about the date, time, and location of the initially scheduled IME, a second scheduled IME, a third scheduled IME, and an affidavit of mailing for these letters. American Transit also submitted affidavits from the medical professional assigned to conduct the scheduled IMEs, who stated that the claimant failed to appear at the date and time of his appointment. This principle is well-established law in this Court (see e.g. Matter of Global Liberty Ins. Co. of N.Y. v Capital Chiropractic, P.C., 181 AD3d 429, 429 [1st Dept 2020]; Matter of Global Liberty Ins. Co. of N.Y. v Top Q. Inc., 175 AD3d 1131, 1131-1132 [1st Dept 2019]; Matter of Global Liberty Ins. Co. v Professional Chiropractic Care, P.C., 139 AD3d 645, 646 [1st Dept 2016]).
Generally, if a valid claim or portion of a claim for no-fault benefits is overdue, Insurance Law § 5106 (a) entitles "the claimant . . . to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to [the] limitations promulgated by the superintendent in regulations" (Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 172 AD3d 598,
598 [1st Dept 2019]). However, because we find Smart Choice's claim invalid as a matter of law, it is not entitled to such fees. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023