Blano Med., P.C. v Hereford Ins. Co (2025 NY Slip Op 51540(U))

[*1]

Blano Med., P.C. v Hereford Ins. Co

2025 NY Slip Op 51540(U)

Decided on September 29, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 29, 2025
Civil Court of the City of New York, Kings County

Blano Medical, P.C., A/A/O NWANJI, CHRISTOPHER, Plaintiff(s),

against
Hereford Insurance Co, Defendant(s).

Index No. CV 023661-15

The Rybak Firm PLLC, Brooklyn, for Plaintiff.
Law Offices of Rubin & Nazarian, Long Island City, for Defendant.

Sandra Elena Roper, J.

This Honorable Court, upon due deliberation at Trial held on September 15, 2025, Decides and Orders as follows:
Defendant abandoned its medical necessity defense at the commencement of trial and opted to proceed on a fee schedule defense. Court order sending instant case to trial, did not address fee schedule as a defense for trial. Rather, court order addressed medical necessity and outstanding verifications as issues of fact for trial. Further, Defendant's denied motion for summary judgment papers failed to make arguments as to a fee schedule defense. Nevertheless, at trial, Defendant argued that it is unnecessary since fee schedule is a non-precludable defense which can be brought up at anytime up to and including at trial, without issuing denial pursuant to the 30-Day Denial Rule (11 NYCRR § 65-3.8). Defendant relied on a specific case in the application of the effective April 1, 2013 11 NYCRR § 65-3.8 (g) (1) amendment (E. Coast Acupuncture, P.C. v Hereford Ins. Co., 51 Misc 3d 441, 442 [Civ Ct, Kings County 2016]). By a lower limited trial court of concurrent jurisdiction, East Coast held, in an unopposed motion for summary judgment, 11 NYCRR § 65-3.8 (g) (1) amendment rendered fee schedule as a non-precludable defense not required to comply with the 30-Day Denial Rule, citing several other cases likewise by courts of concurrent jurisdiction.
"Although the amendment does not change plaintiff's prima facie burden, I find that the new language establishes that a fee schedule defense, for services after April 1, 2013, is not precluded if it is not asserted within 30 days of receipt of the claim. The regulation appears to be a carve-out from 11 NYCRR 65-3.8 (a) (1), which states that HN5 '[n]o-[*2]fault benefits are overdue if not paid within 30 calendar days after the insurer receives proof of claim, which shall include verification of all of the relevant information requested pursuant to section 65-3.5 of this Subpart.' Conversely, 11 NYCRR 65-3.8 (g) (1) imposes no deadline on the insurance company's determination. At least two courts in the First Department concur with this court's interpretation of 11 NYCRR 65-3.8 (g) (1) (see Saddle Brook Surgicenter, LLC v All State Ins. Co., 48 Misc 3d 336, 344-345, 8 NYS3d 875 [Civ Ct, Bronx County 2015]; Surgicare Surgical Assoc. v National Interstate Ins. Co., 50 Misc 3d 85, 87, 25 NYS3d 521, 2015 NY Misc. LEXIS 3636, 2015 WL 5894683, at *2 [App Term, 1st Dept 2015]).
"Based on this interpretation of HN6 11 NYCRR 65-3.8 (g) (1), defendant may assert in this action a defense that plaintiff's claim exceeds the applicable fee schedule" (E. Coast Acupuncture, P.C. v Hereford Ins. Co., 51 Misc 3d 441, 443 [Civ Ct, Kings County 2016]).
This Court agrees in part with the holding that the amendment did not change plaintiff's well established prima facie burden citing Viviane Etienne Med. Care v Country-Wide Ins. Co. (25 NY3d 498, 510 [2015]). This Court however holds contrary interpretation of 11 NYCRR 65-3.8 (g) (1), that it does not render fee schedule defense as a non-precludable defense not required to comply with the 30-Day Denial Rule.
"(1) Proof of the fact and amount of loss sustained pursuant to Insurance Law section 5106(a) shall not be deemed supplied by an applicant to an insurer and no payment shall be due for such claimed medical services under any circumstances:
"(i) when the claimed medical services were not provided to an injured party; or
"(ii) for those claimed medical service fees that exceed the charges permissible pursuant to Insurance Law sections 5108(a) and (b) and the regulations promulgated thereunder for services rendered by medical providers" (11 NYCRR § 65-3.8).
It is quite well established, the court as the third branch of government should not be engaged in judicial activism by legislating from the Bench in encroaching upon the first branch of government, the legislature. Rather, judicial restraint is to be applied in statutory interpretation. Particularly, where interpretation not previously ruled upon by appellate court, notwithstanding varying statutory interpretations by lower limited courts of concurrent of jurisdiction, which are not binding.[FN1]
The court is to interpret the natural plain language of the law, as well as legislative intent deduced from the legislative history and consider the comprehensive context of the totality [*3]of the entire text of the statute in tandem with the amendment at issue and if any related predated case law precedents (Am. Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 239 AD3d 1 [2d Dept 2025]). The legislative intent and history of the 2013 amendment codified as 11 NYCRR § 65-3.8 (g) (1) is quite very clear as to its cost management goal balancing the equities of both the medical providers as plaintiffs and the defendant insurers: "To combat no-fault fraud while also accelerating the resolution of no-fault claims."[FN2]
.
This Court in interpreting the natural plain language of the law, which may be open to contrary interpretations, bolstered by its legislative history and comprehensive analysis of the entire statute in relation to the amendment does not hold that fee schedule is a non-precludable defense. Although the word "precluded" was used in the comments as a concern, it appears in context to the balancing of the equities of both the medical providers and insurers by mandating that only the disputed portion of the fee schedule is to be withheld by the insurer. [FN3]
Moreover, if legislature intended with this amendment to render fee schedule defense as non-precludable, as had been done previously for the coverage defense, it would have in plain language stated so specifically. The legislature did not do so.
"(e) If an insurer has determined that benefits are not payable for any of the following reasons:
(1) no coverage on the date of accident;
(2) circumstances of the accident not covered by no-fault; or
(3) statutory exclusions pursuant to section 5103(b) of the Insurance Law; it shall notify the applicant within 10 business days after such determination on a prescribed denial of claim form, specifying the reasons for the denial. Failure by an insurer to notify the applicant of its denial of the claim within the 10-business-day period after its determination shall not preclude the insurer from asserting a defense to the claim which is based upon the reasons for such denial" (11 NYCRR § 65-3.8).
For the foregoing reasons, Defendant conceded no denial for fee schedule defense was provided pursuant to 11 NYCRR § 65-3.8 and therefore failed to put on any defense whatsoever, upon which, Plaintiff moved for Directed Verdict, which was Granted. Ordered, Judgment in favor of Plaintiff in the amount of $2,600.00 plus statutory interest, attorney's fees costs and disbursements.
This constitutes the decision and order of This Honorable Court.
Dated: September 29, 2025
Brooklyn, New York
Hon. Sandra Elena Roper, JCC

Footnotes

Footnote 1: Sandra Elena Roper, Letter to the Editor, Chief Judge's Proposed Procedure for Certified Questions to the Court of Appeals Would Be a 'Wonderful Thing', 
https://www.law.com/newyorklawjournal/2023/07/10/chief-judges-proposed-procedure-for-certified-questions-to-the-court-of-appeals-would-be-a-wonderful-thing/ [July 10, 2023, 12:52 p.m.] ["Chief Judge Rowan Wilson's plan for the Court of Appeals to rule on certified questions would allow for more expeditious stare decisis decisions to our lower courts, a Brooklyn judge writes"].

Footnote 2: Notices of Adoption, Insurance Dept., Feb. 20, 2013, 2013 NY REG TEXT 292688 (NS) ["Preventing Billing in Excess of Mandated Fee Schedule or for Services Not Rendered
 "Based on case law, two central issues have arisen in situations where an applicant for benefits bills for services in excess of the mandated fee schedule or for services that were never provided. In both instances, courts have ruled that an insurer that fails to timely deny a claim is precluded from asserting as a defense the fact that the provider overbilled or fraudulently billed for services never rendered. As a result, consumers have their benefits unjustly reduced.
 
"Insurers support the Superintendent's attempt to remedy instances when services are overcharged or not provided, and several also believe such a remedy should extend to other reasons for denial of claim. Attorneys representing applicants for benefits do not object to the Superintendent's attempt to remedy overcharges and phantom billing, but some are concerned that the draft amendment would result in the denial of a claim in its entirety when the applicant has billed in excess of the mandated fee schedule, not just to the extent of the excess.
 
"In order to protect consumers from unjust depletion of benefits, the proposed amendment provides that proof of the fact and amount of loss sustained shall not be deemed to be received by an insurer when the applicant for benefits has billed in excess of the mandated fee schedule and/or for services not rendered. This provision will protect consumers from these fraudulent or abusive practices. Additionally, to absolve the fears of plaintiff attorneys, only the excess portion of an excessive bill is not due, not the entire bill."]
 Footnote 3: See n 2, supra.