*209 OPINION OF THE COURT
Jasen, J.
The appropriate scope of review for a master arbitrator when reviewing, pursuant to section 675 of the Insurance Law, the decision of an arbitrator is the question presented on this appeal.
The underlying facts of this case are that the petitioner, Benjamin Petrofsky, was injured in an automobile accident on December 4, 1977. At the time of the accident, petitioner was unemployed and, therefore, not entitled to no-fault benefits for loss of earnings. In February, 1978, he presented a letter to the respondent Allstate Insurance Company (Allstate) that indicated he had been offered employment at a salary of $300 per week starting January 3, 1978, but that the position was filled by another individual when petitioner was unable to begin work because of his injuries. Allstate then began paying loss of income benefits. These payments were discontinued as of April 30,1978, when petitioner suffered a heart attack, on the grounds that his inability to work was no longer attributable to the injuries he sustained in the automobile accident.
Petitioner brought a claim to recover loss of earnings benefits for the period from April 30, 1978 to March 31, 1979. This claim was arbitrated pursuant to subdivision 2 of section 675 of the Insurance Law, and petitioner was awarded $4,629.40 for lost earnings and an additional amount for attorney’s fees. Allstate moved pursuant to subdivision 2 of section 675 of the Insurance Law, to have the arbitrator’s award vacated by a master arbitrator. The master arbitrator did vacate the arbitrator’s award, finding it “grossly inconsistent with the facts, circumstances and proofs, and [to be] without a scintilla of support from the record.”
Petitioner then brought this proceeding to vacate the award of the master arbitrator pursuant to CPLR article 75. Special Term granted the petition and reinstated the arbitrator’s award. The Appellate Division reversed and reinstated the master arbitrator’s award. The court held that it was error for Special Term to vacate the master arbi *210 trator’s award because no grounds for vacatur existed under CPLR article 75. We now reverse and reinstate the judgment of Supreme Court.
Judicial review of a master arbitrator’s award “is restricted, by the terms of the statute, to ‘the grounds for review set forth in article seventy-five’ of the CPLR (except in those cases where the award is $5,000 or more, and the applicant or insurer may seek de novo review in the courts).” (Matter of Bamond v Nationwide Mut. Ins. Co., 75 AD2d 812, 813, affd 52 NY2d 957.) CPLR 7511 allows a court to vacate an arbitrator’s award and, by judicial construction, a master arbitrator’s award on the application of either party if “the court finds that the rights of that party were prejudiced by: * * * (iii) an arbitrator, or agency or person making the award exceeded his power or * * * that a final and definite award upon the subject matter submitted was not made.” (CPLR 7511, subd [b], par 1, cl [iii].) The question before this court then is whether the master arbitrator exceeded his powers in vacating the award of the arbitrator.
The authority for the master arbitrator to review an arbitrator’s award is derived from section 675 of the Insurance Law. It states in pertinent part that a master arbitrator may vacate or modify an award made by an arbitrator “in accordance with simplified procedures to be promulgated or approved by the superintendent”, but that “[t]he grounds for vacating or modifying an arbitrator’s decision * * * shall not be limited to those grounds for review set forth in article seventy-five of the civil practice law and rules.” (Insurance Law, § 675, subd 2.) The master arbitrator, therefore, while not limited by CPLR article 75, is bound by the procedures promulgated by the Superintendent of Insurance.
Those procedures are set forth in 11 NYCRR 65.17 and establish the grounds on which a master arbitrator reviews an arbitrator’s award. Among those grounds are “any ground for vacating or modifying an award enumerated in article 75” of the CPLR, (11 NYCRR 65.17 [a] [1].) It is also grounds for review that the award exceeded the insurance policy’s limitations (11 NYCRR 65.17 [a] [2], *211 [3]); that the award “was incorrect as a matter of law” (11 NYCRR 65.17 [a] [4]); that the award of attorney’s fees was improperly rendered (11 NYCRR 65.17 [a] [5]); and that the award was “inconsistent, and irreconcilable with the award rendered in the H.S.A. arbitration” (11 NYCRR 65.17 [a] [6]). The master arbitrator in this case, then, because there was no dispute concerning policy limitations and no H.S.A. arbitration was involved, could only review the arbitrator’s decision under the standards of CPLR article 75 or on the ground that the award was incorrect as a matter of law.
In cases of compulsory arbitration, this court has held that CPLR article 75 “includes review * * * of whether the award is supported by evidence or other basis in reason”. (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493, 508.) This standard has been interpreted to import into article 75 review of compulsory arbitrations the arbitrary and capricious standard of article 78 review. (Caso v Coffey, 41 NY2d 153, 158; Siegel, New York Practice, § 603, pp 865-866.) In addition, article 75 review questions whether the decision was rational or had a plausible basis. (Caso v Coffey, 41 NY2d 153, 158, supra.) The master arbitrator, when reviewing an arbitrator’s award made in a compulsory arbitration setting pursuant to 11 NYCRR 65.17(a) (1) which authorizes article 75 review, is, therefore, like the courts, limited to reviewing on the basis of the limited grounds enumerated by article 75 (CPLR 7511; Siegel, New York Practice, § 602, pp 861-865) and to reviewing whether the arbitrator acted in a manner that was arbitrary and capricious, irrational or without a plausible basis. (Caso v Coffey, 41 NY2d 153, supra; Siegel, New York Practice, §§ 602, 603, pp 861-866.)
The superintendent’s regulations (11 NYCRR 65.17),-in addition, broaden the master arbitrator’s review to include questions of law (11 NYCRR 65.17 [a] [4]) which are not normally reviewable under article 75. (Siegel, New York Practice, § 602, p 861.) This regulation, however, states that “procedural or factual errors committed in the arbitration below are not encompassed within this ground”. (11 NYCRR 65.17 [a] [4].) Therefore, while the addi *212 tional grounds contained in the superintendent’s regulations give the master arbitrator broader powers of review than the courts enjoy, the master arbitrator is also expressly precluded from reviewing factual or procedural errors.
It is on the basis of this interpretation of the applicable regulations that we hold that the master arbitrator, in this case, exceeded his powers in vacating the award of the arbitrator. A review of the master arbitrator’s written determination indicates that he engaged in an extensive factual review, which included weighing the evidence, assessing the credibility of various medical reports and on the basis of that review, making independent findings of fact. A master arbitrator’s powers of review do not encompass such a review of the facts, nor do they authorize him to determine the weight of the evidence. This is not to say that in making his determinations as to whether the arbitrator’s determination is correct, that the master arbitrator will conduct no review of the facts; rather, it means his review in this respect is limited to whether or not the evidence is sufficient, as a matter of law, to support the determination of the arbitrator. The role of the master arbitrator is to review the determination of the arbitrator to assure that the arbitrator reached his decision in a rational manner, that the decision was not arbitrary and capricious (11 NYCRR, 65.17 [a] [1]), incorrect as a matter of law (11 NYCRR 65.17 [a] [4]), in excess of the policy limits (11 NYCRR 65.17 [a] [2], [3]) or in conflict with other designated no-fault arbitration proceedings (11 NYCRR 65.17 [a] [5], [6]). This does not constitute a de novo review of the matter originally presented to the arbitrator.
Accordingly, the determination of the master arbitrator having been made in excess of his powers of review, the order of the Appellate Division reinstating the master arbitrator’s determination should be reversed and the judgment of Supreme Court should be reinstated, with costs.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and the judgment of Supreme Court, Kings County, reinstated.