■ MARTIN INGBER, Appellant, v STATEWIDE INSURANCE CO., Respondent. — In a proceeding to vacate an award of a master arbitrator, petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Giaccio, J.), dated February 14, 1983, as denied his application for vacatur of the master arbitrator's award, reinstatement of the hearing arbitrator's award, and for attorney's fees. Judgment affirmed, insofar as appealed from, without costs or disbursements. Judicial review of a master arbitrator's vacatur of an award pursuant to section 675 of the Insurance Law derives from CPLR 7511 (subd [b], par 1, cl [iii]) and involves the question of whether the master arbitrator exceeded his power (see *Matter of Smith* [*Firemen's Ins. Co.*], 55 NY2d 224, 231; *Matter of Petrofsky* [*Allstate Ins. Co.*], 54 NY2d 207, 210). In reviewing a compulsory arbitration award pursuant to 11 NYCRR 65.17 (a) (1), the master arbitrator is empowered to vacate or modify the award on any grounds specified in CPLR 7511 or on the basis that the hearing arbitrator acted in a manner which was arbitrary, capricious or without rational basis (*Matter of Petrofsky* [*Allstate Ins. Co.*], *supra*, p 211). Petitioner was involved in an automobile accident on June 12, 1980 while occupying a vehicle insured by respondent. As a result of the accident, petitioner sustained injuries and sought no-fault benefits from respondent. Respondent denied the claim on the ground that there was no verification of the amount claimed as lost earnings. Petitioner thereafter sought arbitration pursuant to subdivision 2 of section 675 of the Insurance Law. At the hearing, the arbitrator determined that the evidence presented was insufficient to support petitioner's claim of lost wages and adjourned the matter to permit petitioner an opportunity to submit further evidence to substantiate his claim. No such proof was ever produced. Notwithstanding petitioner's failure to comply with the requests for further substantiating evidence, the arbitrator rendered an award for lost earnings in the sum of $960. The master arbitrator vacated the award on the ground that the evidence was insufficient, as a matter of law, to support the arbitrator's findings and that the award was arbitrary, capricious and without rational basis. The master arbitrator remanded the matter for a new hearing and directed that if petitioner did not produce further substantiating evidence at that hearing, the claim should be denied. We conclude that the master arbitrator's award was not in excess of the

broad scope of his authority and that accordingly it should not be vacated (cf. *Matter of Petrofsky [Allstate Ins. Co.], supra*). Moreover, since petitioner failed to supply proof of his claim for loss of earnings, he is not entitled to an award of attorney's fees (Insurance Law, § 675, subd 1). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.