■ In the Matter of the Arbitration between FIREMENS INSURANCE COMPANY OF NEWARK, Respondent, and DEBORAH L. VANDERPOOL, Appellant.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Crew, III, J.), entered October 25, 1984 in Tompkins County, which, upon reargument, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Respondent was injured in an automobile accident on October 21, 1982 and thereafter sought first-party benefits under New York's No-Fault Law from petitioner, the insurer of her vehicle. Petitioner rejected her claim on the basis of the insurance policy's exclusion for injuries resulting from the operation of a motor vehicle while in an intoxicated condition (see, Insurance Law former § 672 [2] [a], [b], as renum § 5103 [b] [1], [2] by L 1984, ch 367). Following an "expedited arbitra-

tion" hearing on June 6, 1983 (11 NYCRR 65.16 [c] [3] [i] [c]), the arbitrator determined that proof of a blood-alcohol level in excess of .10%, as indicated in two separate tests, was "in of *[sic]* itself sufficient to establish the policy exclusions". The master arbitrator vacated this decision, finding that such proof *did not,* as a matter of law, establish the policy exclusion for intoxication *(see,* 11 NYCRR 65.17 [a] [4]). Thereafter, petitioner made the instant application pursuant to CPLR article 75. While declining to review the legal issue presented, Special Term nonetheless found that the master arbitrator abused his discretion by failing to order a rehearing on the issue of intoxication. Respondent has appealed.

The crux of this appeal is whether Special Term exceeded its permissible scope of review in vacating the master arbitrator's decision. We think not. Pursuant to CPLR 7511 (b) (1) (iii), an arbitration award may be vacated where the "arbitrator * * * making the award * * * so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" *(see, Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207, 210). A review of the arbitrator's determination establishes that it was based solely on the legal effect of the blood alcohol test results, without necessarily considering all the other evidence presented as to respondent's purported intoxication at the time of the accident. As a result, once the master arbitrator reversed the arbitrator's determination, no "final and definite" decision had been made as to the effect of the remaining evidence. Under these circumstances, the master arbitrator should have remitted the case for resolution of the entire issue (CPLR 7511 [d]; *see, Ingber v Statewide Ins. Co.,* 97 AD2d 397), and his failure to do so constituted an abuse of discretion warranting vacatur of the award *(see,* CPLR 7511 [b] [1] [iii]). It follows that Special Term properly directed a rehearing of the matter for a complete resolution of the intoxication issue.

Order affirmed, without costs. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.