■ In the Matter of ATTILIO NUCCI, Respondent, v GOVERNMENT EMPLOYEES INSURANCE Co., Appellant.—In a proceeding pursuant to CPLR article 75 to vacate the determination of a master arbitrator, the appeal is from a judgment of the Supreme Court, Richmond County (J. Leone, J.), dated November 26, 1986, which vacated the determination of a master arbitrator, and thereupon reinstated and confirmed an award by an American Arbitration Association arbitrator in favor of the petitioner and against the appellant in the principal amount of $25,500, representing no-fault, wage loss benefits, and in the amount of $765, representing attorney's fees and fees paid to the New York State Insurance Department.

Ordered that the judgment is affirmed, with costs.

As a result of injuries sustained in an automobile accident which occurred on September 7, 1984, the petitioner filed an application for no-fault benefits with the appellant Government Employees Insurance Company (hereinafter GEICO). Lost wage and medical benefits were paid for a period of time. Subsequently, benefits were discontinued by GEICO because an independent medical examination determined that continuing medical treatment would not improve the petitioner's condition.

The petitioner filed a request for arbitration with the State Insurance Department. The Department forwarded the matter to the Health Service Arbitration Forum (hereinafter HSA) for resolution of the medical dispute and to the American Arbitration Association (hereinafter AAA) for resolution of the other issues in dispute. The State Insurance Department's letter of referral indicated that the concurrent resolution of these issues by the HSA and AAA was warranted because the issues were not relevant to each other and because the HSA resolution was not necessary in order to resolve the AAA dispute.

The AAA arbitrator made an independent determination to continue with the resolution of the lost wage issue prior to his

receiving the decision of the HSA. Prior to the AAA arbitrator's decision to proceed, the parties were invited to set forth their positions with respect to whether or not the lost wages portion of the dispute should proceed or be suspended pending the outcome of the HSA hearing. GEICO submitted no response to this invitation. Thereafter, a hearing was conducted on the lost wages issue at which the petitioner appeared and testified. After the hearing was concluded, the parties, on March 17, 1986, were afforded the opportunity to make written submissions in support of their respective positions.

In the meantime, the HSA arbitrator decided to deny medical benefits because the physical examination of the petitioner revealed that continuing treatment would not improve his condition and was therefore unnecessary. Although the HSA determination was rendered on March 3, 1986, GEICO made no attempt to apprise the AAA arbitrator of the decision. The AAA arbitrator thereafter determined that the petitioner was entitled to lost wage benefits in the amount of $25,500 because he was partially disabled as a result of the automobile accident.

GEICO appealed the AAA award to the master arbitrator pursuant to 11 NYCRR 65.17 (a) (6), which provides that an award may be vacated if it is inconsistent and irreconcilable with an award rendered in an HSA arbitration. GEICO also argued that the AAA award should not have been rendered without the benefit of first reviewing the HSA award under 11 NYCRR 65.16 (c) (7) (i) which provides that, if the same issues of fact are involved in both the HSA and AAA arbitrations, the Insurance Department shall not forward the matter to the AAA until the HSA renders an award and that the AAA arbitrator should consider the HSA award in his resolution of the basic economic issues.

The petitioner argued that the order of arbitrations was discretionary with the Insurance Department under 11 NYCRR 65.16 (c) (3) (vi), which provides that the Department may forward the case to both the HSA and the AAA concurrently where the issues to be resolved by the HSA are not relevant to the dispute which will be subject to AAA arbitration and where HSA resolution is not necessary in order to resolve the AAA dispute.

The master arbitrator agreed with GEICO and vacated the AAA award on the ground that the AAA arbitrator should have considered the HSA award in reaching its determination. However, the master arbitrator specifically noted that he

could not determine whether the HSA award was inconsistent or irreconcilable with the AAA award, and therefore remitted the matter for a new hearing before a new arbitrator.

Thereafter, the petitioner brought this CPLR article 75 proceeding seeking to vacate the master arbitrator's decision and to reinstate the AAA award. The court determined that the master arbitrator exceeded his powers of review under 11 NYCRR 65.17 (a) and CPLR 7511, and reinstated the award of the AAA arbitrator.

We find that the court properly vacated the master arbitrator's determination. The master arbitrator exceeded his powers by reviewing the nature and quantum of evidence and the procedures used by the AAA arbitrator to reach his decision (see, 11 NYCRR 65.17 [a] [4]; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207). The master arbitrator's jurisdiction herein under 11 NYCRR 65.17 (a) (6) was limited solely to determining whether the award rendered in the AAA arbitration was inconsistent and irreconcilable with the award rendered in the HSA arbitration and, as to which, he specifically noted that he could not make such a determination. Moreover, the AAA arbitrator acted in a rational manner in reaching his award and properly relied upon the finding of the State Insurance Department that the issues to be resolved by the HSA were not relevant to nor necessary for resolution of the AAA dispute (see, 11 NYCRR 65.16 [c] [3] [vi]; cf., Matter of Petrofsky [Allstate Ins. Co.], supra; Ingber v Statewide Ins. Co., 97 AD2d 397).

We have considered the appellant's remaining contentions and find them to be without merit. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.