Matter of Advanced Orthopaedics PLLC v Unitrin Advantage Ins. Co. (2020 NY Slip
Op 51017(U))

[*1]

Advanced Orthopaedics, PLLC, Matter of, v Unitrin Advantage Ins.
Co.

2020 NY Slip Op 51017(U) [68 Misc 3d 134(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-807 N C

Matter of Advanced Orthopaedics, PLLC, as
Assignee of Lisa Jones, Appellant,
against
Unitrin Advantage Insurance Company, Respondent.

Law Offices of Jonathan B. Seplowe, Esq. (Alan M. Elis of counsel), for appellant.
Goldberg, Miller & Rubin, P.C. (Timothy R. Bishop of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Ignatius L.
Muscarella, J.), dated April 11, 2019. The order denied a petition to vacate a master arbitrator's
award, dated September 12, 2018, in a CPLR 7511 proceeding. The appeal was taken to the
Appellate Term, Second, Eleventh and Thirteenth Judicial Districts and was transferred to this
court by a decision and order on motion of that court dated January 23, 2020 (2020 NY Slip Op
61944[U]).

ORDERED that the order is modified by adding thereto a provision confirming the master
arbitrator's award; as so modified, the order is affirmed, without costs.
Petitioner commenced this proceeding pursuant to CPLR article 75 to vacate a master
arbitrator's award dated September 12, 2018, which upheld the award of an arbitrator, rendered
pursuant to Insurance Law § 5106 (b), denying petitioner's claim to recover assigned
first-party no-fault benefits. The District Court denied the petition.
We initially note that, contrary to respondent's contention, it is well settled that arbitration
under the no-fault law is compulsory (see Matter of Bay Needle Care Acupuncture, P.C. v Country Wide Ins.
Co., 176 AD3d 695 [2019]; Barry Rubin, M.D., P.C. v Met Life Auto & Home Ins. Co., 26
Misc 3d 138[A], 2010 NY Slip Op 50223[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2010]). "A court reviewing the award of a master arbitrator is limited to the grounds set
forth in CPLR article 75, which include, in this compulsory arbitration, the question of whether
the determination had evidentiary support, was rational, or had a plausible basis (see Matter
of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212 [1981])" (Matter of Acuhealth Acupuncture, P.C. v
Country-Wide Ins. Co., 176 AD3d 800, 802 [2019]). Applying this standard, we find a
rational basis for the determination of the master arbitrator upholding the arbitrator's award
(see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d
214 [1996]; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207). Consequently, the
Civil Court properly denied the petition to vacate the master arbitrator's award.However, upon
[*2]denying the petition, the court was required, pursuant to
CPLR 7511 (e), to confirm the award (see Matter of Exclusive Med. & Diagnostic v
Government Empls. Ins. Co., 306 AD2d 476 [2003]).
Accordingly, the order is modified by adding thereto a provision confirming the master
arbitrator's award.
We note that a proceeding to vacate or to confirm an arbitrator's award is a special
proceeding brought pursuant to CPLR article 4 and should, therefore, terminate in a judgment
rather than an order (see CPLR 411).
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020