Matter of Global Liberty Ins. Co. of N.Y. v Avangard Supply, Inc. (2020 NY Slip Op 06855)





Matter of Global Liberty Ins. Co. of N.Y. v Avangard Supply, Inc.


2020 NY Slip Op 06855


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 29384/19E Appeal No. 12454N Case No. 2020-00762 

[*1]In the Matter of Global Liberty Insurance Company of New York, Petitioner-Appellant,
v
Avangard Supply, Inc., etc., et al., Defendants-Respondents.


The Law Office of Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for appellant.
Samandarov & Associates, P.C., Floral Park (David M. Gottlieb of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered January 15, 2020, which denied the petition to vacate a master arbitration award, dated June 17, 2019, affirming the no-fault arbitrator's award of no-fault benefits to respondents, and dismissed the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs, and the matter remanded to Supreme Court for a determination of respondents' reasonable attorneys' fees for this appeal.
The no-fault arbitrator found that petitioner's vague and conclusory explanation that the denial was based on an independent medical examination (IME) which did not support reimbursement, without providing any of the examination's findings, or checking boxes on the NF-10 form to indicate that the denial was based on a lack of medical necessity, was insufficient. The master arbitrator reviewed the no-fault arbitrator's determination and the parties' submissions, and confirmed the no-fault arbitrator's award of benefits to respondent assignees. Supreme Court, reviewing the findings of the master and no-fault arbitrators, correctly found that the award was rational, and was not arbitrary and capricious (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211 [1981]; Matter of Rose Castle Redevelopment II, LLC v Franklin Realty Corp., 184 AD3d 230, 234 [1st Dept 2020]; Azrielant v Azrielant, 301 AD2d 269, 275 [1st Dept 2002], lv denied 99 NY2d 509 [2003]). Petitioner's vague declination of benefits lacked the degree of specificity required by statute and case law, which provide that insurers must clearly inform applicants of their position regarding disputed matters by "appris[ing] the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864 [1979]; see 11 NYCRR 65-3.2[e]).
Respondents are entitled to reasonable attorneys' fees for this appeal, to be determined by Supreme Court (see Matter of Country-Wide Ins. Co. v Bay Needle Acupuncture, P.C., 167 AD3d 404 [1st Dept 2018]; 11 NYCRR 65-4.10[j][4]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020