| Country-Wide Ins. Co. v Kolb Radiology, P.C. |
| :---: |
| 2024 NY Slip Op 32587(U) |
| July 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653038/2020 |
| Judge: Anar Rathod Patel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 45

----------------------------------------------------------------------X

COUNTRY-WIDE INSURANCE COMPANY

                                  Petitioner,

                - v -

KOLB RADIOLOGY, P.C.,

                               Respondent.

----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653038/2020 |
| **MOTION DATE** | 07/10/2020 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL**:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1–7, 9–19, 21 were read on this motion to/for <u>VACATE – DECISION / ORDER / JUDGMENT / AWARD.</u>

## Relevant Factual and Procedural History

This is a special proceeding, pursuant to CPLR Article 75, commenced by Petitioner Country-Wide Insurance Company ("Country-Wide" or "Petitioner") seeking an order and judgment vacating a no-fault master arbitration award of Steven Rickman (dated January 5, 2020), which affirmed the arbitration award of Tara Maher (dated September 15, 2019) granting Respondent Kolb Radiology's ("Kolb" or "Respodent") claim for no-fault insurance compensation for health service expenses. Arbitrator Maher awarded the amount of $1,790.67, together with interest, attorney's fees, and additional fees, sought by Kolb for providing services to its assignor, who claimed to have been injured in a motor vehicle collision on July 27, 2017.

Country-Wide commenced the present action by filing a Notice of Petition and Petition on July 10, 2020.  NYSCEF Doc. Nos. 1, 2.  This matter was originally assigned to Judge Debra James and was reassigned subsequently to this Court.

## Discussion

The standard of review in Article 75 proceedings depends on the amount awarded by the arbitrator.  Where the amount in contention does not exceed five thousand dollars ($5,000.00), courts grant deference to the findings of the arbitrators.  "In cases of compulsory arbitration, this court has held that CPLR article 75 'includes review . . . of whether the award is supported by evidence or other basis in reason.'  This standard has been interpreted to import into article 75 review of compulsory arbitrations the arbitrary and capricious standard of article 78 review." *Matter of Petrofsky (Allstate Ins. Co.)*, 54 N.Y.2d 207, 211 (1981) (quoting *Mount St. Mary's Hosp. of Niagara Falls v.*

**653038/2020   COUNTRY-WIDE INSURANCE COMPANY vs. KOLB RADIOLOGY, P.C.**       **Page 1 of 4**
**Motion No.  001**

1 of 4

[* 1]

*Catherwood*, 26 N.Y.2d 493, 508 (1970)). Thus, if the amount awarded in arbitration is less than the statutory amount, the judiciary is restricted by the findings of the arbitrators. Only when review has basis in an enumerated ground in CPLR § 7511, or the court finds that the arbitration award is a result of arbitrary or capricious determinations by the arbitrators, may the court interject.

"Further, 'a court is bound by the arbitrator's factual findings and interpretations of the contract,' and it 'cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one.' The 'arbitrator's award will not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice.'" *Metro. Transp. Auth. v. Westfield Fulton Ctr., LLC*, No. 2023–03965, 2024 WL 2853484, at *1 (1st Dept. 2024) (internal citations omitted).

As the amount at issue, $1,790.67, is less than the statutory amount, this Court will review the arbitrator's award under an arbitrary and capricious standard. This Court will only vacate the award if it was granted as a result of arbitrary and capricious determinations by the arbitrators or if there is basis in an enumerated ground in CPLR § 7511(b). "[J]udicial review of arbitration awards is extremely limited. An arbitration award must be upheld when the arbitrator 'offer[s] even a barely colorable justification for the outcome reached.'" *Wien & Malkin LLP v. Helmsley-Spear, Inc.*, 6 N.Y.3d 471, 479 (2006).

A party seeking to vacate or modify an arbitrator's award must bring an Article 75 proceeding within 90 days of the delivery of the award. CPLR § 7511(a). Country-Wide initiated this action on July 10, 2020, which is well past 90 days of receiving the arbitrator's award. However, Petitioner contends that this delay was due to former Governor Cuomo's COVID-19 Executive Order which temporarily halted filings within the court system beginning on March 20, 2022. The courts have previously determined that Governor Cuomo's order acted as a toll, extending the statutory time to file proceedings by, approximately, 228 days. *See Murphy v. Harris*, 177 N.Y.S.3d 559 (1st Dept. 2022); *Brash v. Richards*, 149 N.Y.S.3d 560 (2d Dept. 2021). Accordingly, Petitioner is entitled to an extension, thereby rendering the present matter as timely.

Country-Wide contends that an arbitrator granting an award while there remained outstanding verification requests amounts to the arbitrator "exceeded his authority or so imperfectly executed it that a final and definite award upon the subject matter was not made." CPLR § 7511(b)(1)(iii). The hearing arbitrator made the factual determination that Country-Wide did request verification, and Respondent responded to such requests by requesting five dollars ($5.00) as Respondent is entitled to. The hearing arbitrator determined:

> The claim was not denied but delayed for verification. At the hearing of this matter, the parties summarized the verification requests in issue and the supports for the same contained in the records.
>
> The evidence establishes that the bill for date of service 3/6/18 was received on 3/22/18 and respondent pended the claim seeking items of additional verification consisting of the MRI films/CD, referral for MRI and MRI safety questionnaire by way of verification requests on 4/12/18 and 5/13/18. The evidentiary record establishes that on 5/7/18 and 5/25/18 applicant provided

**653038/2020   COUNTRY-WIDE INSURANCE COMPANY vs. KOLB RADIOLOGY, P.C.**          **Page 2 of 4**
**Motion No.  001**

the MRI referral and safety questionnaire and requested that [p]ursuant to Radiology Ground Rule 8, a copy of the MRI film/CD electronic [m]edia will be provided upon receipt of $5.00. Thereafter, on 6/6/18 respondent issued a response acknowledging receipt of the response and advising that the MRI films/CD remain outstanding. Bill for date of service 3/21/18 was received on 4/11/18, the first verification was issued on 5/13/18 with a follow up verification issued on 6/6/18 seeking the identical items. The record contains a response to the verification of 6/6/18 wherein applicants provided the MRI referral and safety questionnaire and requested that [p]ursuant to Radiology Ground Rule 8, a copy of the MRI film/CD electronic [m]edia will be provided upon receipt of $5.00.

. . . .

In this instance, Respondent made a proper request for verification but applicant made a proper response in requesting a fee of $5.00 for the MRI film. Having failed to provide the fee required by the Fee Schedule, respondent fails to demonstrate that it has satisfactorily delayed the claim. I find applicant's claim is due and owing. [A]pplicant is awarded the sum of $1,790.67.

NYSCEF Doc. No. 3 (Arbitrator Maher's Arbitration Award). Further, the master arbitrator determined:

Here, however, the arbitrator made a factual determination that Applicant sufficiently complied with Respondent's verification request(s) thus triggering the carrier's obligation to timely pay or deny the claim. . . . The carrier does not contend that it paid the requested $5.00 fee, nor does the carrier even minimally contend that it communicated an objection to Applicant's request for the $5.00 fee in advance. Basically, the carrier ignored Applicant's communication. . . . There is no provision in the No-Fault regulations which permit a claimant or an insurance company to ignore communications from each other without risking its chance to prevail in the matter.

. . . .

Appellant's interpretation of Radiology Ground Rule 8 requires the provider to submit the MRI film/CD to the carrier without advance payment being made. Appellant has not attached or referenced for my review any case law and/or arbitration awards supporting this contention/interpretation. Appellant has not demonstrated to my satisfaction that the arbitrator's contrary interpretation of the requirements of Radiology Ground Rule 8 to be irrational or incorrect as a matter of law.

NYSCEF Doc. No. 6 (Master Arbitrator Rickman's Arbitration Award). "It is within the province of the lower arbitrator to determine what evidence to accept or reject and what inferences should be drawn based on the evidence." *Community Med. Imaging P.C. v. American Transit Ins. Co.*, 206

653038/2020   COUNTRY-WIDE INSURANCE COMPANY vs. KOLB RADIOLOGY, P.C.                    Page 3 of 4
Motion No. 001

3 of 4

N.Y.S.3d 919 (N.Y. Cty. Sup. Ct. 2024). This factual determination is not an action that exceeds the hearing arbitrator's authority.

This Court must defer to factual determinations as made by the hearing arbitrator. Likewise, the master arbitrator is limited to the factual record presented to and determinations made by the hearing arbitrator. A master arbitrator does not have "the power to review, *de novo*, the matter originally presented to the arbitrator. A master arbitrator exceeds his statutory power by making his own factual determination, by reviewing factual and procedural errors committed during the course of arbitration, by weighing the evidence . . . ." *Matter of Allstate Ins. Co. v. Keegan*, 201 A.D.2d 724, 725 (2d Dept. 1994) (internal citations omitted). Further, a "master arbitrator shall only consider those matters which were the subject of the arbitration below or which were included in the arbitration award appealed from." 11 NYCRR § 65-4.10(c)(6). Considering these restraints on the master arbitrator's scope of review, Master Arbitrator Rickman was correct to rely on the factual determinations of Arbitrator Maher and reject consideration of any evidence that was first supplied on appeal. These actions do not support a finding that the master arbitrator exceeded his authority.

Further, Petitioner's filings are entirely devoid of case law, statutes, or any other legislative or regulatory support of Petitioner's contention that Respondent was required to provide verification absent Respondent's payment. Petitioner has provided no legal grounds to determine that the arbitrators' awards were not supported by law, let alone the result of arbitrary and capricious decision making.

Because none of the grounds for vacating an award, as enumerated in CPLR § 7511(b), are present in the record, and the hearing arbitrator, as affirmed by the master arbitrator, provided at least "a colorable justification for the outcome reached," this Court must deny the petition to vacate the arbitration award. *Wein & Malkin, LLP*, 6 N.Y.3d at 479.

Accordingly, the award is "confirmed pursuant to CPLR § 7511(e), which mandates confirmation upon denial of a motion to vacate or modify." *Blumenkopf v. Proskauer Rose LLP*, 95 A.D.3d 647, 648 (1st Dept. 2012).

As such, it is hereby

**ORDERED** that the Petition is denied and the award rendered in favor of Respondent and against Petitioner is confirmed; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment accordingly.

| July 23, 2024 | | | | A.R. Patel (signature) |
| **DATE** | | | | **ANAR RATHOD PATEL, A.J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

653038/2020   COUNTRY-WIDE INSURANCE COMPANY vs. KOLB RADIOLOGY, P.C.                      Page 4 of 4
Motion No.  001