**American Tr. Ins. Co. v Corona Chiropractic, PC**

2025 NY Slip Op 31599(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 650275/2025

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. MARY V. ROSADO                          PART                    33M

*Justice*

-------------------------------------------------------------------X

AMERICAN TRANSIT INSURANCE COMPANY,

Petitioner,

- V -

CORONA CHIROPRACTIC, PC,

Respondent.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650275/2025 |
| MOTION DATE | 01/15/2025 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11
were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, and after a final submission date of February 25, 2025, Petitioner American Transit Insurance Company's ("Petitioner") petition to vacate the arbitration award of Arbitrator John Hyland, Esq. and/or Master Arbitrator A. Jeffrey Grob, Esq., rendered in favor of Respondent Corona Chiropractic, PC ("Respondent") in the amount of $3,576.74 is denied.

The Petitioner issued an automobile policy with a no-fault endorsement to non-party Sam Jalilov. While the policy was in effect, on October 8, 2020, non-party Maria Rodriguez ("Rodriguez") was involved in a motor vehicle accident and sought treatment from Respondent for injuries allegedly sustained in the accident. Respondent sought reimbursement in the amount of $3,576.74 from Petitioner for treatment provided to Rodriguez from April 5, 2022 through November 15, 2022. That claim was denied by Petitioner based on an independent medical examination conducted by Dr. Brian Wolin, D.C., on May 19, 2021, and the parties proceeded to arbitration. The arbitration was decided by Arbitrator John Hyland, Esq. ("Arbitrator Hyland")

who awarded Respondent $3,576.74. Arbitrator Hyland's award was upheld by Master Arbitrator A. Jeffrey Grob, Esq. ("Master Arbitrator").

Arbitrator Hyland based his award on the doctrine of collateral estoppel, finding that the medical necessity of the treatment had already been determined in another arbitration between Petitioner and Respondent before Arbitrator Kathleen Sweeney ("Arbitrator Sweeney"). In her decision, Arbitrator Sweeney found that Petitioner's IME defense was insufficient based on contemporaneous medical records that showed Rodriguez needed further medical treatment, and thus bills denied solely based on the IME were due and owing. Petitioner argues that collateral estoppel was not applied correctly and asks this Court to vacate the arbitration.

In the context of no-fault arbitrations, an arbitrator's decision will not be vacated where it is rationally based (*Petrofsky v Allstate Ins. Co.*, 54 NY2d 207 [1981]). Here, the Court finds the master arbitrator's affirmance of the lower arbitrator's award was not irrational nor did it ignore binding law (*see, e.g. Global Liberty Ins. Co. v Cambridge Medical, P.C.*, 193 AD3d 573 [1st Dept 2021]). As a preliminary matter, collateral estoppel principles apply to awards in arbitration just as they do to adjudications in judicial proceedings (*Feinberg v Boros*, 99 AD3d 219, 226 [1st Dept 2012]).

The principles of collateral estoppel were properly applied. Collateral estoppel applies when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (*Conason v Megan Holding, LLC*, 25 NY3d [2015] [internal quotation marks and citation omitted], *rearg denied* 25 NY3d 1193 [2015]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1985]) "The fundamental inquiry is whether re-litigation should be permitted in

[* 2]

INDEX NO. 650275/2025

RECEIVED NYSCEF: 05/02/2025

a particular case in light of fairness to the parties, conservation of the resources of the courts and the litigants, and the societal interests in consistent and accurate results." (*Buechel v Bain*, 97 NY2d 295, 304 [2001]). The litigant seeking the benefit of collateral estoppel must show that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party, while the party to be precluded bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination (*Id.*).

Here, there is no dispute that the dispositive issue in both proceedings was identical, specifically, whether Petitioner's IME report provided sufficient basis to disclaim medical bills related to Rodriguez's further chiropractic treatment. Second, there is no doubt that the issue in the prior arbitration before Arbitrator Sweeney was litigated and decided, as there was a fully briefed arbitration with submitted exhibits, and a well-reasoned decision issued by Arbitrator Sweeney. Third, there is no dispute that the parties had a full and fair opportunity to litigate the issues in arbitration, and finally, the validity of Petitioner's IME defense was central to Arbitrator Sweeney's decision and the arbitration which Petitioner seeks to vacate.

Put simply, Petitioner relied on the same IME report to disclaim coverage for medical bills from Respondent in both arbitrations. In both arbitrations, the medical bills were submitted post-IME. In the first arbitration, Arbitrator Sweeney, considered Petitioner's IME report and other contemporaneous medical records and found Petitioner's IME defense insufficient to disclaim coverage. Given these operative facts, the identical issues, and the identical parties, there is no basis to vacate Master Arbitrator Grob's affirmance of Arbitrator Hyland's award. Therefore, the petition is denied.

650275/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. CORONA CHIROPRACTIC, PC        Page 3 of 4
Motion No.  001

3 of 4

Accordingly, it is hereby,

ORDERED and ADJUDGED that American Transit Insurance Company's petition to vacate the arbitration award of Arbitrator John Hyland, Esq. and/or Master Arbitrator A. Jeffrey Grob, Esq., rendered in favor of Corona Chiropractic, PC in the amount of $3,576.74 is denied; and it is further

ORDERED that within ten days of entry, counsel for Respondent shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/2/2025 | | | _May V Rosado  JSC_ | | |
|----------|---|---|------|---|---|
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** | | |

| CHECK ONE: | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | x | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650275/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. CORONA CHIROPRACTIC, PC**          **Page 4 of 4**
Motion No.  001

4 of 4