| |
|---|
| **Matter of American Tr. Ins. Co. v Neptune Med. Servs. PC** |
| 2025 NY Slip Op 31969(U) |
| June 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 650524/2025 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**      PART      33M

*Justice*

-------------------------------------------------------------------X

In the Matter of the Application of
AMERICAN TRANSIT INSURANCE COMPANY,

                Petitioner,

To vacate an arbitration award pursuant to Article 75 of the
Civil Practice Law and Rules

           - v -

NEPTUNE MEDICAL SERVICES PC,

              Respondent.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650524/2025 |
| MOTION DATE | 01/28/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 12, 13, 14, 15, 18

were read on this motion to/for     VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, and after a final submission date of April 1, 2025, Petitioner American Transit Insurance Company's ("Petitioner") petition to vacate an arbitration award by Bernadette Connor in favor of Respondent Neptune Medical Services, PC ("Respondent") and affirmed by Master Arbitrator Burt Feilich, Esq. is denied. Respondent's cross-petition for attorneys' fees pursuant to 11 NYCRR § 65-4.10(j)(4) is denied without prejudice with leave to renew within sixty days.

Petitioner alleges that through the independent medical examination report of Peter Chiu, M.D., dated February 20, 2023, it correctly denied coverage for medical bills submitted by Respondent from August 18, 2022 through December 21, 2022 on the basis that the treatment provided by Respondent to non-party insured Nona Akhobadze was not medically necessary. The arbitrator found that Dr. Chiu's report met Petitioner's burden of showing the medical treatment billed as unnecessary, but also found that Respondent successfully rebutted Dr. Chiu's report

[* 1]

though the rebuttal affidavit of Dr. Hirsch, which was very detailed and opined that the EMG/NCV studies were necessary given Ms. Akhobadze's symptoms of cervical radiculopathy and peripheral neuropathy. Dr. Hirsch cited medical literature in support of the argument that all patients who have suspected cervical radiculopathy should undergo an EMG/NCV examination and this examination is important for evaluating and differentiating between diagnoses of radiculopathy or peripheral neuropathy. The award was affirmed by Master Arbitrator Feilich. Petitioner now asks this Court to vacate the award.

In the context of no-fault arbitrations, an arbitrator's decision will not be vacated where it is rationally based (*Petrofsky v Allstate Ins. Co.*, 54 NY2d 207 [1981]). An Article 75 proceeding is not an opportunity for "judicial second-guessing" of an arbitrator's findings, and courts are bound by the arbitrator's factual findings (*Metropolitan Transportation Auth. v Westfield Fulton Center*, LLC, 228 AD3d 435, 436 [1st Dept 2024]). Here, the Court finds the master arbitrator's affirmance of the lower arbitrator's award was not irrational and was based in the applicable no-fault regulations (*see, e.g. Global Liberty Ins. Co. v Cambridge Medical, P.C.*, 193 AD3d 573 [1st Dept 2021]). Arbitrator rationally concluded that Dr. Hirsch's rebuttal affidavit showed the medical services provided were medically necessary. Dr. Hirsch's affidavit was detailed and supported by citations to numerous published medical studies. When presented with conflicting evidence, it is up to the arbitrator to evaluate and weigh which evidence is determinative (*Brown & Williamson Tobacco Corp. v Chesley*, 7 AD3d 368, 373-74 [1st Dept 2004] citing *Hackett v Millbank, Tweed, Hadley & McCloy*, 86 NY2d 146 [1995]). Based on the record before the Court, there is no basis to vacate the arbitration award in favor of Respondent. Therefore, the petition is denied.

650524/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. NEPTUNE MEDICAL SERVICES        Page 2 of 4
PC,
Motion No. 001

2 of 4

[* 2]

Because Respondent successfully defended this petition to vacate an arbitration award, it is entitled to attorneys' fees pursuant to 11 NYCRR § 65-4.10(j)(4) (*see also American Transit Ins. Co. v Rutland Med. PC*, 224 AD3d 531, 531 [1st Dept 2024]). Moreover, the fee award is in an amount fixed by the Court adjudicating the matter (*see Matter of Country-Wide Ins. Co. v TC Acupuncture P.C.*, 172 AD3d 598 [1st Dept 2019; *see also Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C.*, 162 AD3d 407, 408 [1st Dept 2018]). Therefore, the Petitioner's argument about a statutory cap on fees is incorrect and misplaced. However, Respondent has not submitted his affirmation of services detailing the number of hours spent opposing the application and/or any reason why the $400.00 an hour rate is reasonable. Therefore, the cross-petition is at this time denied without prejudice, with leave to renew upon proper supporting papers via notice of motion within sixty days.

Accordingly, it is hereby,

ORDERED that Petitioner American Transit Insurance Company's petition to vacate an arbitration award by Bernadette Connor in favor of Respondent Neptune Medical Services, PC ("Respondent") and affirmed by Master Arbitrator Burt Feilich, Esq. is denied; and it is further

ORDERED that Respondent's cross-petition for attorneys' fees pursuant to 11 NYCRR § 65-4.10(j)(4) is denied without prejudice with leave to renew within sixty days, and the failure to renew this application in a timely manner may result in a waiver of the relief requested; and it is further

*[The remainder of this page is intentionally left blank.]*

650524/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. NEPTUNE MEDICAL SERVICES PC,
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

ORDERED that within ten days of entry, counsel for Respondent shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/2/2025 | | *May V Rosado JSC* |
|----------|--|---------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

CHECK ONE:

| | [x] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|--|--|--|--|--|
| | [ ] GRANTED | [x] DENIED | [ ] GRANTED IN PART | [ ] OTHER |

APPLICATION: [ ] SETTLE ORDER    [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN    [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE

650524/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. NEPTUNE MEDICAL SERVICES PC,
Motion No. 001

Page 4 of 4

4 of 4