## American Tr. Ins. Co. v Brooklyn Med. Practice, PC

2025 NY Slip Op 33019(U)

August 6, 2025

Supreme Court, New York County

Docket Number: Index No. 650657/2025

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. KATHLEEN WATERMAN-MARSHALL</u>          PART          31

*Justice*

-----------------------------------------------------------------------------X

AMERICAN TRANSIT INSURANCE COMPANY,

|  |  |
|---|---|
| INDEX NO. | 650657/2025 |
| MOTION DATE | 02/04/2025 |
| MOTION SEQ. NO. | 001 |

Petitioner,

- v -

BROOKLYN MEDICAL PRACTICE, PC,

**DECISION + ORDER ON MOTION**

Respondent.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Pursuant to CPLR 7511, petitioner American Transit Insurance Company ("American Transit") moves to vacate an arbitration award in favor of respondent Brooklyn Medical Practice, PC ("Brooklyn Medical"). Brooklyn Medical opposes and cross-moves for attorney's fees under Department of Financial Services Regulations (11 NYCRR) § 65-4.10 (j) (4) and to deny the petition and confirm the award.

For the reasons below, American Transit's motion is denied and Brooklyn Medical's cross-petition is granted. At bottom, the arbitration award is confirmed and Brooklyn Medical is awarded attorney's fees.

## BACKGROUND AND PROCEDURAL HISTORY

On July 1, 2024, Brooklyn Medical was awarded $2,598.13 through a No-Fault arbitration relating to a motor vehicle accident (NY St Cts Elec Filing [NYSCEF] Doc No. 3, Petition Exhibit A). The motor vehicle accident occurred on February 8, 2023, and the disputed claims were for medical services provided by Brooklyn Medical to the injured claimant from February 9, 2023, through November 20, 2023 (*id*.). American Transit appealed the arbitrator's award and on October 15, 2024, the master arbitrator affirmed the arbitration award in its entirety (NYSCEF Doc No. 4, petitioner's exhibit B). On February 4, 2025, American Transit commenced this action seeking to vacate the arbitration award.

## PENDING MOTIONS

American Transit argues that the decisions by the arbitrator and the master arbitrator were improper and should be vacated (NYSCEF Doc No. 1, petition). American Transit asserts, *inter alia*, that the arbitrator and the master arbitrator exceeded their authority by failing to follow case law when rendering their decisions (*id*. at 9). It contends that it requested claimant to attend independent medical exams but that the claimant failed to do so (*id*. at 10). American Transit emphasizes claimant's failure to attend any of the scheduled independent medical exams, permitted it to deny the claims (*id*. at 13). American Transit also argues that the arbitrator's decision ignored case law that holds that failure to

**650657/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. BROOKLYN MEDICAL PRACTICE, PC**
**Motion No.  001**

**Page 1 of 4**

appear for an independent medical examination constitutes a breach of a condition precedent to coverage under a No-Fault policy and is an absolute coverage defense (*id*. at 10-12).

Brooklyn Medical argues that there is no basis to vacate the arbitration award and cross-moves for attorney's fees (NYSCEF Doc No. 14, respondent's affirmation). Brooklyn Medical asserts, *inter alia*, that neither the master arbitrator nor the courts have the authority to conduct a *de novo* review of an arbitrator's decision (*id*. at 4-5). It contends that Insurance Department regulations authorize attorney's fees for prevailing in a court appeal from a master arbitration award (*id*. at 5-6). As such, Brooklyn Medical requests that the court award an attorney's fee of $950 for 1.9 hours of work performed in securing a resolution this matter (*id*. at 7; NYSCEF Doc No. 15, respondent's affirmation in support of attorney's fees). It calculates the attorney's fee based on the attorney's hourly billable rate of $500 and spent 1.9 hours on this matter for a total fee of $950 (NYSCEF Doc No. 15).

American Transit reasserts in its reply many of the same arguments contained in its main moving papers. It raises the additional arguments that: (1) reviewing an arbitrator's decision does not necessarily constitute *de novo* review because Brooklyn Medical's evidence did not rebut American Transit's showing and thus was legally insufficient; and (2) that Brooklyn Medical's request for attorney's fees is excessive in contravention to 11 NYCRR 65-4.6 (d) (NYSCEF Doc No. 16, reply affirmation, at 12-14).

## DISCUSSION

### *American Transit's Motion to Vacate*

The court may vacate an arbitration award in limited circumstances where the rights of a party are prejudiced by: (1) corruption, fraud, or misconduct in procuring the award; (2) the partiality of a neutral arbitrator, unless the award was by confession; (3) an arbitrator, agency, or person exceeded their authority or issued a so-imperfect award that no final and definite award was made; or (4) failure to follow CPLR Article 75 procedures unless the party seeking to vacate the award continued the arbitration with notice of the defect and without objection (*See* CPLR 7511 [b] [1]).

Review of an arbitration award under CPLR 7511 (b) is limited and an award must be upheld when the arbitrator provides "even a barely colorable justification for the outcome reached" (*Jackson v Main St. Am. Group*, 210 AD3d 501, 501 [1st Dept 2022] [internal quotation marks and citations omitted]). Courts are not supposed to assume the role of overseers to change an award to match their sense of justice (*Matter of Patel v Macy's*, 227 AD3d 551, 552 [1st Dept 2024]). Rather, "courts are obligated to give deference to the decision of the arbitrator" (*Matter of New York City Tr. Auth. v Transp. Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). "[A] court may vacate an arbitration award only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Falzone (New York Cent. Mut. Fire Ins. Co.)*, 15 NY3d 530, 534 [2010]; *see also Matter of Metropolitan Transp. Auth. v Westfield Fulton Ctr., LLC*, 228 AD3d 435, 436 [1st Dept 2024], *lv to appeal denied*, 43 NY3d 907 [2025]); however, courts generally may not disturb an arbitrator's decision even where the arbitrator made an error of law or fact (*Matter of Falzone*, 15 NY3d at 534; *see also Matter of Sprinzen (Nomberg)*, 46 NY2d 623, 629 [1979]; *Pincus v Motulsky*, 237 AD3d 624, 625 [1st Dept 2025]; *Matter of Rose Castle Redevelopment II, LLC v Franklin Realty Corp.*, 184 AD3d 230, 234 [1st Dept 2020]).

Judicial review of a master arbitrator's award is limited to the language of Article 75 of the CPLR, but courts are allowed to vacate an arbitrator's and a master arbitrator's award under grounds set forth in CPLR 7511 (*Matter of Petrofsky (Allstate Ins. Co.)*, 54 NY2d 207, 210 [1981]). Similarly, the master arbitrator has limited grounds to review an arbitrator's award to: (1) any grounds for vacating or modifying an award listed under Article 75 of the CPLR; (2) an award that exceeded an insurance policy's limits; (3) the award was incorrect as a matter of law; and (4) an award of attorney's fees was

**650657/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. BROOKLYN MEDICAL PRACTICE, PC**
**Motion No.  001**

**Page 2 of 4**

2 of 4

improperly rendered (*id*. at 210-11; Dept of Fin Servs Regs [11 NYCRR] § 65-4.10 [a] [1]-[5]). In fact, the master arbitrator is not authorized to review the facts or weigh the evidence but rather their review is limited to whether the evidence is legally sufficient to support the lower arbitrator's decision (*Petrofsky*, 54 NY2d at 212).

In cases of compulsory arbitration, the standard of review is "whether the award is supported by evidence or other basis in reason[,]" which has been interpreted to mean whether the evidence is legally sufficient to support an arbitrator's determination is rational and not arbitrary and capricious (*Petrofsky*, 54 NY2d at 211 [citations omitted]; *Matter of Miller v Elrac, LLC*, 170 AD3d 436, 436-37 [1st Dept 2019]). Courts will sustain a master arbitrator's affirmance of a lower arbitrator's award finding that a petitioner failed to submit competent proof of an assignor's non-appearance at scheduled medical examinations was neither irrational nor ignored controlling law (*see Matter of Global Liberty Ins. Co. v Cambridge Med., P.C.*, 193 AD3d 573 [1st Dept 2021]).

American Transit's motion to vacate the arbitration award is denied. The arbitrator determined that American Transit failed to proffer sufficient evidence showing that the assignor did not appear at the first independent medical examination. Upon review, the master arbitrator was limited by the provisions in 11 NYCRR 65-4.10 (a) (1)-(5) for reviewing the lower arbitrator's award and ultimately found that the lower arbitrator's decision was rational and not arbitrary and capricious. As such, the arbitrator provided a "barely colorable justification" for their decision and the court is required to give deference to the arbitrator. The court may vacate an arbitration award only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power but even then, an arbitration award is generally not disturbed when there are factual or legal errors made by the arbitrator. In this matter, none of the grounds to vacate the award appear to exist.

### *Respondent's Cross-Petition for Attorney's Fees*

When the court grants a motion to modify an award, the court shall confirm the modified award, or if the court denies a motion to vacate, the court shall confirm the award (*See* CPLR 7511 [e]). Under Insurance Law § 5106 (a), if a valid claim or portion of a claim for no-fault benefits are overdue, claimants are "entitled to recover [their] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations." Pursuant to 11 NYCRR 65-4.10 (j) (4), attorney's fees shall be provided for services rendered in connection with an appeal from a master arbitration award and any further appeals.

A respondent, "as a prevailing applicant for payment by petitioner insurer of attorney's fees in an [A]rticle 75 proceeding reviewing an arbitration award, is entitled to an additional award of attorney's fees, as fixed by the court" (*Matter of Country-Wide Ins. Co. v TC Acupuncture P.C.*, 179 AD3d 414, 414-15 [1st Dept 2020]; *see also Matter of American Tr. Ins. Co. v Rutland Med. PC*, 224 AD3d 531, 531-32 [1st Dept 2024]). Accordingly, Brooklyn Medical is entitled to attorney's fees for the work performed in this matter since the court declines to vacate the arbitration award.

**ORDERD AND ADJUDGED** that, pursuant to CPLR 7511, petitioner American Transit Insurance Company's petition to vacate the arbitration award of the arbitrator, as affirmed by the master arbitrator, is denied, and the award rendered in favor of respondent Brooklyn Medical Practice, PC, and against petitioner is confirmed; and it is further

**ORDERED AND ADJUDGED** that, pursuant to 11 NYCRR 65-4.10 (j) (4), respondent's cross-petition for attorney's fees in the amount of $950 is granted; and it is further

**650657/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. BROOKLYN MEDICAL PRACTICE, PC**
**Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

**ORDERED** that, within 20 days from entry of this order, that plaintiff shall serve a copy of this order with notice of entry upon the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

| | | |
|---|---|---|
| **8/6/2025** | | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650657/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. BROOKLYN MEDICAL PRACTICE, PC**

**Page 4 of 4**

**Motion No.  001**